## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF KANSAS IN WICHITA

| | |
|---|---|
| In re: | ) |
| | ) |
| SOCIAL NETWORKING TECHNOLOGY, INC. | ) Case No. 18-10177 |
| | ) |
| | ) Chapter 7 |
| Debtor. | ) |

**TRUSTEE'S MOTION FOR SALE OF CERTAIN PERSONAL PROPERTY FREE AND CLEAR OF INTERESTS PURSUANT TO 11 U.S.C. § 363; AND NOTICE THEREOF**

COMES NOW Darcy D. Williamson, Chapter 7 Trustee for Debtor Social Networking Technology, Inc. (the "Trustee"), by and through counsel of record, and files this motion (the "Motion") for an order (the "Order"), pursuant to 11 U.S.C. § 363,[1] and Fed. R. Bankr. P. 2002, 6004, and 9014 to approve a sale of certain personal property free and clear of liens, interests, claims and encumbrances and related relief. In support of this Motion, the Trustee represent as follows:

### BACKGROUND

1. The Court has jurisdiction of this motion pursuant to 28 U.S.C. § 1334(a) and (b). This is a core proceeding pursuant to 28 U.S.C. § 157(b) in that this motion seeks sale of property of the estate and affects the administration of these bankruptcy cases. Venue is proper in this Court. 28 U.S.C. §§ 1408 and 1409(a).

2. Social Networking Technology, Inc. (the "Debtor") filed its petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code on or about February 12, 2018 (the "Petition Date").

3. The Trustee was appointed as Trustee in the Debtor's bankruptcy case on February 13, 2018.

---

[1] All future references to Title 11 of the United States Code will be to section number only.

CORE/3007048.0004/138638071.5

4. The Debtor was a technology company and leased office space in a building located at 110 S. Main, Wichita, Kansas (the "Leased Premises"). Currently, all of the Debtor's office equipment, furniture, supplies and fixtures is being stored at the Leased Premises. By this Motion, the Trustee seeks authority to sell all the personal property located at the Leased Premises which includes but is not limited to the property fully described in the attached **Exhibit A** hereto (collectively, the "Personal Property").

5. The Trustee filed her Motion for Order Limiting Notice of Applications, Motions, Notices and Other Pleadings (the "Notice Motion") on April 23, 2018 requesting the Court enter an Order limiting the parties required to be noticed under Fed. R. Bankr. P. 2002 to the following parties (the "Noticed Parties"):

    a. Those creditors listed on the Debtor's Form B204 ("List of Creditors Holding 20 Largest Unsecured Claims") (the "20 Largest Unsecured Creditors);

    b. The United States Trustee;

    c. All parties affected by the relief requested (if any);

    d. All creditors holding secured claims, as listed on the Debtor's Schedule D; and

    e. Any party that has appeared and/or requested notice.

6. For the reasons stated in the Notice Motion, the Trustee believes it would be overly costly and burdensome to the Estate to notify all parties requiring notice under Fed. R. Bankr. P. 2002.

## THE PROPOSED SALE

7. The Trustee believes the Personal Property is valuable and can bring significant value to the Debtor's bankruptcy estate, established under § 541 (the "Estate").

8. The Trustee proposes to sell the Personal Property at public auction to the highest

and best bidder(s) for cash. The proposed sale of Personal Property will be sold on the 16th day of May, 2018 at 9:00 A.M. at 110 S. Main, Wichita, Kansas. Because the Debtor is not an individual, all Personal Property is not subject to any exemptions. The sale of All Personal Property will be sold free and clear of all liens and encumbrances of record pursuant to 11 U.S.C. 363(f). The sale of all Personal Property will be sold "as is" in its present condition with no express or implied warranties and the purchaser or purchasers are to accept the property in its present condition with no statements or representation concerning the present condition.

9. The Trustee wishes to employ Bud Palmer an auctioneer in Wichita, Kansas and believes hiring an auctioneer, selling the Personal Property in this way will realize the greatest amount of value to the Estate and the Debtor's creditors. The Trustee has filed an application to employ Mr. Palmer for this purpose.

**POTENTIAL ASSERTED INTERESTS IN THE PERSONAL PROPERTY**

10. As of the Petition Date, the following parties have asserted a potential interest in the Personal Property:

a. FastPay Partners LLC, 8201 Beverly Blvd, Suite 600, Los Angeles, CA 90048, by virtue of an all asset UCC filing on April 6, 2016;

b. L.R.I. Co., c/o Jason Snider, 2416 E. 37th Street, Wichita, KS 67219, by virtue of an all asset UCC filing on November 22, 2017;

c. Wichita Finco LLC, 8111 East 32nd Street N, Suite 101, Wichita, KS 67226, by virtue of an all asset UCC filing on January 2, 2018; and

d. Media Beach P6, LLC, 17842 Mitchell North, Suite 100, Irvine CA 92614, by virtue of an all asset UCC filing on January 9, 2018.

11. The Trustee, directly and through counsel, has communicated with counsel for all

parties asserting an interest in the Personal Property.  FastPay Partners LLC, Wichita Finco LLC, and Media Beach P6, LLC consent to the proposed sale of the Personal Property free and clear of their liens, with their liens attaching to the proceeds of the sale. The Trustee has not been able to reach L.R.I. Co. to receive its consent for the sale.

## BASIS FOR RELIEF

### I.  Sale of Property under § 363 of the Bankruptcy Code

12. The Trustee must reduce to money non-exempt property of the estate. § 704(a)(1). Section 363(b)(1) of the Bankruptcy Code provides: "The Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." § 363(b). Section 105(a) of the Bankruptcy Code provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." § 105(a). Pursuant to Fed. R. Bankr. P. 6004(f)(1), sales outside the ordinary course of business may be by private sale or auction.

13. A sale of assets of a debtor should be authorized pursuant to Section 363 of the Bankruptcy Code if a sound business purpose exists for doing so. *See, e.g., Fulton State Bank v. Schipper (In re Schipper)*, 933 F. 2d 513, 515 (7th Cir. 1991); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1993). The business judgment rule shields the Trustee from judicial second-guessing. *In re Farmland Industries, Inc.*, 294 B.R. 903, 913 (Bankr. W.D. Mo. 2003) ("'[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a Debtor's management decisions.'") (quoting *In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986)).  Once the Trustee articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the direc-

tors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

14. As explained above, the Trustee has determined that the proposed sale of the Personal Property at public auction is appropriate. Accordingly, the Trustee requests that the sale, via auction, be approved under § 363(b).

## II.    Sale of Liens, Interests, Claims and Encumbrances Under 363(f)

15. Section 363(f) of the Bankruptcy Code provides:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –

(1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)    such entity consents;

(3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)    such interest is in bona fide dispute; or

(5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

16. Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the Trustee's sale of the Personal Property free and clear of all liens, claims, and encumbrances. Each lien, claim or encumbrance attached to the Personal Property satisfies at least one of the five conditions of section 363(f), and the Trustee submits that any such lien, claim or encumbrance will be adequately protected by attachment to the net proceeds of the proposed sale(s), subject to any claims and defenses the Trustee or any other party in interest may possess with respect thereto.

17. FastPay Partners LLC, Wichita Finco LLC, and Media Beach P6, LLC have all consented to the sale of the Personal Property free and clear of their purported liens, with their liens attaching to the net proceeds of the sale by auction.

18. L.R.I. Co. has neither consented nor objected to the sale. The Trustee submits that the failure to object may constitute consent under § 363(f)(2). However, even if affirmative consent is required, the Trustee submits that she may still sell the Personal Property free and clear under § 363(f)(4) because L.R.I. Co.'s lien is subject to a bona fide dispute. An interest is in bona fide dispute if there is an objective basis for a legal dispute as to the validity of an asserted interest. *See In re Mundy Ranch, Inc.*, 484 B.R. 416, 423 (Bankr. D.N.M. 2012) (internal quotations omitted). The Trustee asserts that L.R.I. Co.'s lien is avoidable as a preferential transfer under § 547 or as a fraudulent transfer under § 548. Thus, each lien, claim or encumbrance currently attached to the Personal Property satisfies at least one of the five conditions of section 363(f) and the Trustee may sell the Personal Property free and clear under § 363 with the liens, claims, or encumbrances attaching to the net proceeds of the proposed sale(s).

19. Sale proceeds will be distributed as follows:

    A. The auctioneer, Bub Palmer will be paid and collect a 15 percent commission for the Sale. The Auctioneer will also be paid all necessary and reasonable expenses to include advertising costs and to include cleaning and set up cost of $25 per hour per man in the set up crew.

    B. Pursuant to 11 U.S.C. § 330, the Trustee and counsel for the Trustee will later request court approval of reasonable trustee and attorney fees and out-of-pocket expenses incurred in this case. The Trustee will also seek

reimbursement of the payment of filing fees associated with this motion and notice.

C. Pursuant to court order,[2] all costs incurred by One Twenty South Main, L.L.C. (the "Landlord") to consolidate the Personal Property onto the fifth floor of the Leased Premises, not to exceed $7,500.00, shall be paid by the Trustee. In addition, the Trustee will carve out $18,000 from the sale proceeds for the Landlord for rent from April 12, 2018 through May 31, 2018.

D. The balance of funds remaining will be held pending further Court order to be distributed according to law.

18. The estate is covered by a blanket bond. After receipt of the sale proceeds such proceeds (net of the expenses described herein) will be held in escrow pending further order of the Court.

19. Accordingly, the Trustee requests that the Personal Property be sold at auction to the highest and best bidder, free and clear of all liens, claim, interests and encumbrances, with such liens, claims, interests and encumbrances to attach to the proceeds of the sale of the Personal Property.

## **NOTICE**

20. Fed. R. Bankr. P. 2002(a) provides that, unless otherwise ordered by the bankruptcy court, notice of certain matters must be given to, among others, all of a debtor's creditors, equity security holders, and other parties in interest. The Bankruptcy Rules further

---

[2] The parties announced at the hearing held April 12, 2018 that they have come to an agreement to resolve the Landlord's Motion to Terminate Lease or in the Alternative, to Compel Timely Performance by the Trustee of Rent Payments. The parties will file an Agreed Order detailing the resolution as soon as possible, which will include the above actions.

provide that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m); see also Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

21.     Additionally, § 102(1)(A) of the Bankruptcy Code states that, where the Bankruptcy Code provides for an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."

22.     The Trustee has separately requested the Court's permission to generally limit notice to the Noticed Parties. As the Court has not had time to review and consider the Notice Motion, the Trustee separately requests authority to limited notice of this Motion to those parties outlined in the Notice Motion and listed above. The Trustee does not believe limiting notice of this Motion will adversely affect any parties-in-interest as all parties with a security interest in the property will be noticed pursuant to the Federal Rules of Bankruptcy Procedure and limiting notice will allow the Estate to realize more value from the Sale.

WHEREFORE, for the reasons set forth herein, the Trustee requests that the Court (a) grant this Motion to sell the Personal Property under § 363(b), (b) make the sale free and clear of liens, claims, and interests, and attaching said liens, claims, or interests to the proceeds of the sale under § 363(f), (c) limit notice of this Motion to the parties outlined above; and (d) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

STINSON LEONARD STREET, LLP

By: */s/ Nicholas J. Zluticky*

Nicholas J. Zluticky, KS # 23935
Katherine Rosenblatt KS # 27104
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 691-2456
Facsimile: (816) 421-9325
Nicholas.zluticky@stinson.com
katherine.rosenblatt@stinson.com

*COUNSEL FOR THE TRUSTEE*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 23, 2018, a true and correct copy of the foregoing document was filed with the Court's CM/ECF system, which sent notice to all parties receiving electronic notices and was sent via U.S. mail, postage prepaid to all parties not receiving such notices and the secured lenders of the Debtor, including:

L.R.I. Co.
c/o Jason Snider
2416 E. 37th Street
Wichita, KS 67219

Chad Stafford
8111 E. 32nd Street N.
Suite 101
Wichita, KS 67226

Five Point Ventures, LLC
15305 W. Pine Circle
Goddard, KS 67052

GLO SNT, LLC
8111 E. 32nd Street N.
Suite 101
Wichita, KS 67226

JK Garvey Investment Company, LP
300 W. Douglas
Suite 1050
Wichita, KS 67202

Leslie G. Rudd Living Trust U/A/D March 31, 1999
c/o Jason Snider
2416 E. 37th Street N.
Wichita, KS 67219

Tymber Lee and Jennifer Lee Revocable Trust

Fast Pay Partners, LLC
8201 Beverly Blvd., Suite 660

CORE/3007048.0004/138638071.5

210 N. Valley Creek Drive
Wichita, KS 67147

John J. Cruciani
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112

Counsel for FastPay Partners, LLC

Thomas J. Lasater
301 N. Main, Suite 1900
PO Box 997
Wichita, KS 67201

Counsel for Media Beach P6, LLC

Edward J. Nazar
Hinkle Law Firm, LLC
1617 North Waterfront Parkway, Suite 400
Wichita, KS 67206

Counsel for Wichita Finco, LLC

Los Angeles, CA 90048

Media Beach P6, LLC
c/o William R Patton
17842 Mitchell North, Suite 100
Irvine, CA 92660

Wichita Finco, LLC
c/o Gary Oborny
8111 East 32nd Street N, Suite 101
Wichita, KS 67226

The undersigned also hereby certifies that on April 23, 2018, a true and correct copy of the foregoing document was sent via certified mail, return receipt requested, to the following parties:

L.R.I. Co.
c/o Jason Snider
2416 E. 37th Street
Wichita, KS 67219

Chad Stafford
8111 E. 32nd Street N.
Suite 101
Wichita, KS 67226

Five Point Ventures, LLC
15305 W. Pine Circle
Goddard, KS 67052

GLO SNT, LLC
8111 E. 32nd Street N.
Suite 101
Wichita, KS 67226

JK Garvey Investment Company, LP
300 W. Douglas
Suite 1050
Wichita, KS 67202

Leslie G. Rudd Living Trust U/A/D March 31, 1999
c/o Jason Snider
2416 E. 37th Street N.
Wichita, KS 67219

Tymber Lee and Jennifer Lee Revocable Trust
210 N. Valley Creek Drive

Wichita, KS 67147

_/s/ Nicholas J. Zluticky_____
Counsel for the Chapter 7 Trustee