UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS IN WICHITA

In re:                                )
                                      )
SOCIAL NETWORKING TECHNOLOGY,         ) Case No. 18-10177
INC.                                  )
                                      ) Chapter 7
            Debtor.                   )

# TRUSTEE'S MOTION FOR SALE OF CERTAIN PERSONAL PROPERTY FREE AND CLEAR OF INTERESTS PURSUANT TO 11 U.S.C. § 363

COMES NOW Darcy D. Williamson, Chapter 7 Trustee for Debtor Social Networking Technology, Inc. (the "Trustee"), by and through counsel of record, and files this motion (the "Motion") for an order (the "Order"), pursuant to 11 U.S.C. § 363,[1] and Fed. R. Bankr. P. 2002, 6004, and 9014 to approve a sale of certain personal property free and clear of liens, interests, claims and encumbrances and related relief. In support of this Motion, the Trustee represent as follows:

## BACKGROUND

1. The Court has jurisdiction of this motion pursuant to 28 U.S.C. § 1334(a) and (b). This is a core proceeding pursuant to 28 U.S.C. § 157(b) in that this motion seeks sale of property of the estate and affects the administration of these bankruptcy cases. Venue is proper in this Court. 28 U.S.C. §§ 1408 and 1409(a).

2. Social Networking Technology, Inc. (the "Debtor") filed its petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code on or about February 12, 2018 (the "Petition Date").

3. The Trustee was appointed as Trustee in the Debtor's bankruptcy case on February 13, 2018.

---

[1] All future references to Title 11 of the United States Code will be to section number only.

4. Pursuant to this Court's Order and Findings of Fact and Conclusions of Law Granting Trustee's Motion for Sale of Certain Personal Property Free and Clear of Interests Pursuant to 11 U.S.C. § 363 (ECF Doc. 88), the Trustee conducted an auction on May 16, 2018 wherein the Trustee sold all of the Debtor's office furniture, supplies, and fixtures located in the Debtor's former office space. At that time, the Trustee directed the Debtor's computers and servers into the custody of David I. Williamson, an electronic recycling professional, to be cleared, wiped, and restored in preparation of resale at a later date. Due to the possibility of sensitive or proprietary information contained in the electronics, Mr. Williamson's expertise and skills were required in order for the property to be resold. By this Motion, the Trustee seeks authority to sell the restored electronics, which includes, but is not limited to, the property fully described in the attached **Exhibit A** (the "Personal Property").

5. Pursuant to this Court's Order Granting the Trustee's Motion for Order Limiting Notice of Applications, Motions, Notices, and Other Pleadings, notice of this Motion will be limited to the following:

   a. The creditors listed on the Debtor's Form B204;
   b. The United States Trustee, if required;
   c. All parties affected by the relief requested, if any;
   d. All creditors holding secured claims, as listed on the Debtor's Schedule D; and
   e. Any party that has appeared and/or requested notice.

## THE PROPOSED SALE

6. The Trustee believes the Personal Property is valuable and can bring significant value to the Debtor's bankruptcy estate, established under § 541 (the "Estate").

7. The Trustee proposes to sell the Personal Property at public auction to the highest and

best bidder(s) for cash. The proposed sale of Personal Property will be sold on August 15, 2018 at 9:00 A.M. at 3601 North St. Francis, Wichita, KS 67204. Because the Debtor is not an individual, all Personal Property is not subject to any exemptions. The sale of the Personal Property will be sold free and clear of all liens and encumbrances of record pursuant to § 363(f). The sale of all Personal Property will be sold "as is" in its present condition with no express or implied warranties and the purchaser or purchasers are to accept the property in its present condition with no statements or representation concerning the present condition.

8. Pursuant to the Court's Order Granting Application to Employ Bud Palmer as Auctioneer (ECF Doc. 81), the Trustee is authorized to employ Bud Palmer as auctioneer in this case to conduct the sale of the Debtor's personal property in accordance with the terms and conditions set forth in the Trustee's Application to Employ Bud Palmer as Auctioneer (ECF Doc. 74).

9. The Trustee also wishes to employ David I. Williamson as electronic recycling specialist in Wichita, Kansas. As the Personal Property may contain sensitive and/or proprietary information belonging to the Estate, the Trustee believes hiring an electronic recycling specialist will realize the greatest amount of value to the Estate and to the Debtor's creditors as the Personal Property would otherwise be unmarketable. The Trustee has filed an application to employ Mr. Williamson for this purpose.

**POTENTIAL ASSERTED INTERESTS IN THE PERSONAL PROPERTY**

10. As of the Petition Date, the following parties have asserted a potential interest in the Personal Property:

    a. FastPay Partners LLC, 8201 Beverly Blvd, Suite 600, Los Angeles, CA 90048, by virtue of an all asset UCC filing on April 6, 2016;

    b. L.R.I. Co., c/o Jason Snider, 2416 E. 37th Street, Wichita, KS 67219, by virtue

of an all asset UCC filing on November 22, 2017;

        c. Wichita Finco LLC, 8111 East 32nd Street N, Suite 101, Wichita, KS 67226, by virtue of an all asset UCC filing on January 2, 2018; and

        d. Media Beach P6, LLC, 17842 Mitchell North, Suite 100, Irvine CA 92614, by virtue of an all asset UCC filing on January 9, 2018.

11. The Trustee, directly and through counsel, has communicated with counsel for all parties asserting an interest in the Personal Property. FastPay Partners LLC, Wichita Finco LLC, and Media Beach P6, LLC consent to the proposed sale of the Personal Property free and clear of their liens, with their liens attaching to the proceeds of the sale. The Trustee has not been able to reach L.R.I. Co. to receive its consent for the sale.

## BASIS FOR RELIEF

### I. Sale of Property under § 363 of the Bankruptcy Code

12. The Trustee must reduce to money non-exempt property of the estate. § 704(a)(1). Section 363(b)(1) of the Bankruptcy Code provides: "The Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." § 363(b). Section 105(a) of the Bankruptcy Code provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." § 105(a). Pursuant to Fed. R. Bankr. P. 6004(f)(1), sales outside the ordinary course of business may be by private sale or auction.

13. A sale of assets of a debtor should be authorized pursuant to Section 363 of the Bankruptcy Code if a sound business purpose exists for doing so. *See, e.g., Fulton State Bank v. Schipper (In re Schipper)*, 933 F. 2d 513, 515 (7th Cir. 1991); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1993). The business judgment

rule shields the Trustee from judicial second-guessing. *In re Farmland Industries, Inc.*, 294 B.R. 903, 913 (Bankr. W.D. Mo. 2003) ("'[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a Debtor's management decisions.'") (quoting *In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986)). Once the Trustee articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

14. As explained above, the Trustee has determined that the proposed sale of the Personal Property at public auction is appropriate. Accordingly, the Trustee requests that the sale, via auction, be approved under § 363(b).

II. **Sale of Liens, Interests, Claims and Encumbrances Under 363(f)**

15. Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1)     applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2)     such entity consents;
>
> (3)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)     such interest is in bona fide dispute; or
>
> (5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

16. Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the Trustee's sale of the Personal

Property free and clear of all liens, claims, and encumbrances. Each lien, claim or encumbrance attached to the Personal Property satisfies at least one of the five conditions of section 363(f), and the Trustee submits that any such lien, claim or encumbrance will be adequately protected by attachment to the net proceeds of the proposed sale(s), subject to any claims and defenses the Trustee or any other party in interest may possess with respect thereto.

17. FastPay Partners LLC, Wichita Finco LLC, and Media Beach P6, LLC have all consented to the sale of the Personal Property free and clear of their purported liens, with their liens attaching to the net proceeds of the sale by auction.

18. L.R.I. Co. has neither consented nor objected to the sale. The Trustee submits that the failure to object may constitute consent under § 363(f)(2). However, even if affirmative consent is required, the Trustee submits that she may still sell the Personal Property free and clear under § 363(f)(4) because L.R.I. Co.'s lien is subject to a bona fide dispute. An interest is in bona fide dispute if there is an objective basis for a legal dispute as to the validity of an asserted interest. *See In re Mundy Ranch, Inc.*, 484 B.R. 416, 423 (Bankr. D.N.M. 2012) (internal quotations omitted). The Trustee asserts that L.R.I. Co.'s lien is avoidable as a preferential transfer under § 547 or as a fraudulent transfer under § 548. Thus, each lien, claim or encumbrance currently attached to the Personal Property satisfies at least one of the five conditions of section 363(f) and the Trustee may sell the Personal Property free and clear under § 363 with the liens, claims, or encumbrances attaching to the net proceeds of the proposed sale(s).

19. Sale proceeds will be distributed as follows:

    A.    The auctioneer, Bub Palmer will be paid and collect a 15 percent commission for the Sale. The Auctioneer will also be paid all necessary and reasonable expenses

to include advertising costs and to include cleaning and set up cost of $25 per hour per man in the set up crew.

B. The electronic recycling specialist, David I. Williamson will be paid and collect $7,290 for his work preparing the Personal Property for sale. This amount is based on a proposal submitted to the Trustee, through counsel, by Mr. Williamson and the Trustee believes this proposal is reasonable under the circumstances. A copy of the proposal is attached to the Application to Employ Dave Williamson , filed alongside this Motion.

C. Pursuant to 11 U.S.C. § 330, the Trustee and counsel for the Trustee will later request court approval of reasonable trustee and attorney fees and out-of-pocket expenses incurred in this case. The Trustee will also seek reimbursement of the payment of filing fees associated with this motion and notice.

D. The balance of funds remaining will be held pending further Court order to be distributed according to law.

18. The estate is covered by a blanket bond. After receipt of the sale proceeds such proceeds (net of the expenses described herein) will be held in escrow pending further order of the Court.

19. Accordingly, the Trustee requests that the Personal Property be sold at auction to the highest and best bidder, free and clear of all liens, claim, interests and encumbrances, with such liens, claims, interests and encumbrances to attach to the proceeds of the sale of the Personal Property.

**WHEREFORE,** for the reasons set forth herein, the Trustee requests that the Court (a) grant this Motion to sell the Personal Property under § 363(b), (b) make the sale free and clear of

liens, claims, and interests, and attaching said liens, claims, or interests to the proceeds of the sale under § 363(f); and (c) grant such other and further relief as the Court deems just and proper.

>Respectfully submitted,
>
>STINSON LEONARD STREET, LLP
>
>By: */s/ Nicholas J. Zluticky*
>
>Nicholas J. Zluticky, KS # 23935
>Katherine Rosenblatt KS # 27104
>1201 Walnut, Suite 2900
>Kansas City, MO 64106
>Telephone: (816) 691-2456
>Facsimile: (816) 421-9325
>Nicholas.zluticky@stinson.com
>katherine.rosenblatt@stinson.com
>
>*COUNSEL FOR THE TRUSTEE*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 11, 2018, a true and correct copy of the foregoing document was filed with the Court's CM/ECF system, which sent notice to all parties receiving electronic notices and was sent via U.S. mail, postage prepaid to all parties not receiving such notices and the secured lenders of the Debtor, including:

L.R.I. Co.
c/o Jason Snider
2416 E. 37th Street
Wichita, KS 67219

Chad Stafford
8111 E. 32nd Street N.
Suite 101
Wichita, KS 67226

Five Point Ventures, LLC
15305 W. Pine Circle
Goddard, KS 67052

GLO SNT, LLC
8111 E. 32nd Street N.
Suite 101
Wichita, KS 67226

JK Garvey Investment Company, LP
300 W. Douglas
Suite 1050
Wichita, KS 67202

Leslie G. Rudd Living Trust U/A/D March 31, 1999
c/o Jason Snider
2416 E. 37th Street N.
Wichita, KS 67219

Tymber Lee and Jennifer Lee Revocable

Fast Pay Partners, LLC

| | |
|---|---|
| Trust<br>210 N. Valley Creek Drive<br>Wichita, KS 67147 | 8201 Beverly Blvd., Suite 660<br>Los Angeles, CA 90048 |
| John J. Cruciani<br>Husch Blackwell LLP<br>4801 Main Street, Suite 1000<br>Kansas City, MO 64112 | Media Beach P6, LLC<br>c/o William R Patton<br>17842 Mitchell North, Suite 100<br>Irvine, CA 92660 |
| Counsel for FastPay Partners, LLC | |
| Thomas J. Lasater<br>301 N. Main, Suite 1900<br>PO Box 997<br>Wichita, KS 67201 | Wichita Finco, LLC<br>c/o Gary Oborny<br>8111 East 32nd Street N, Suite 101<br>Wichita, KS 67226 |
| Counsel for Media Beach P6, LLC | |
| Edward J. Nazar<br>Hinkle Law Firm, LLC<br>1617 North Waterfront Parkway, Suite 400<br>Wichita, KS 67206 | National Registered Agents, Inc.<br>Registered Agent for Calltower, Inc.<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 |
| Counsel for Wichita Finco, LLC | |

                                                  */s/ Nicholas J. Zluticky*
                                                  Counsel for the Chapter 7 Trustee