**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF KANSAS IN WICHITA**

| | |
|---|---|
| In re: | |
| SOCIAL NETWORKING TECHNOLOGY, INC. | Case No. 18-10177 |
| Debtor. | Chapter 7 |
| DARCY D. WILLIAMSON, not individually, but solely as the Chapter 7 Trustee for SOCIAL NETWORKING TECHNOLOGY, INC., | |
| Plaintiff, | Adversary No. _____ |
| v. | |
| Five Point Ventures, LLC, GLO SNT LLC, Leslie G. Rudd Living Trust U/D/A March 31, 1999, JK Garvey Investment Company LP, Chad J. Stafford, Tymber Lee & Jennifer Lee Revocable Trust, and L.R.I. Co. Services, LLC. | |
| Defendant. | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER**
**AND FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 502, 544, 547, 548, 550**
**AND 551**

Plaintiff Darcy D. Williamson, not individually, but solely as Chapter 7 Trustee (the "Trustee")

of Debtor Social Networking Technology, Inc. (the "Debtor") or ("SNT"), pursuant to 11 U.S.C.

§§ 502, 547, 544, 548, 550 and 551,[1] hereby alleges for her Complaint (the "Complaint") against

Five Point Ventures, LLC, GLO SNT LLC, Leslie G. Rudd Living Trust U/A/D March 31, 1999,

JK Garvey Investment Company LP, Chad J. Stafford, Tymber Lee & Jennifer Lee Revocable

---

[1] For the remainder of the Complaint, title 11 of the United States Code (the "Bankruptcy Code") will be referred to by section number only.

Trust and L.R.I. Co. Services, LLC (the "Defendants") and, upon information and belief as to all matters, represents as follows:

**JURISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction over this adversary proceeding (the "Adversary Proceeding"), which arises under a case under the Bankruptcy Code in the United States Bankruptcy Court for the District of Kansas (the "Court"), pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This is a core proceeding under 28 U.S.C. § 157(b)(2).

3.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**FACTS COMMON TO ALL COUNTS**

4.     The Defendant Five Point Ventures, LLC is a Kansas limited liability company with its principal place of business in Kansas.  Pursuant to Fed. R. Bankr. P. 7004(b)(3), this Defendant may be served by mailing a copy of this Complaint and the Summons to the Defendant as follows: Stephen Hayes, in his capacity as Registered Agent for Five Point Ventures, LLC at 15305 Pine Circle, Goddard, Kansas 67052.

5.     The Defendant GLO SNT, LLC is a Kansas limited liability company with its principal place of business in Kansas.  Pursuant to Fed. R. Bankr. P. 7004(b)(3), this Defendant may be served by mailing a copy of this Complaint and the Summons to the Defendant as follows: Gary L. Oborny, in his capacity as Registered Agent for GLO SNT, LLC at 8111 E. 32nd Street North, Suite 101, Wichita, Kansas 67226.

6.     The Defendant Leslie G. Rudd Living Trust U/A/D March 31, 1999 appears to be a Kansas trust with its principal place of business at 2416 E. 37th St. N, Wichita, Kansas. Pursuant to Fed. R. Bankr. P. 7004(b)(3), this Defendant may be served by mailing a copy of this

2

Complaint and the Summons to the Defendant as follows: Darrell D. Swank, Co-Trustee, 2416 E. 37th St. N., Wichita, Kansas 67219 and Agent Jason Snider, 2416 E. 37th St. N., Wichita, Kansas 67219.

7. The Defendant JK Garvey Investment Company, LP is a Florida limited partnership with its principal place of business at 100 Worth Avenue, Apt. 314, Palm Beach, Florida 33480. Pursuant to Fed. R. Bankr. P. 7004(b)(3), this Defendant may be served by mailing a copy of this Complaint and the Summons to the Defendant as follows: To the General Partner, John K. Garvey Revocable Trust, 100 Worth Avenue, Apt. 314, Palm Beach, Florida 33480 and 300 West Douglass, Suite 1050, Wichita, Kansas. The Defendant may also be served by serving its registered agent, NRAI Services, Inc. at 1200 S. Pine Island Rd., Plantation, Florida 33324.

8. The Defendant Chad J. Stafford is an individual residing in Kansas. Pursuant to Fed. R. Bankr. P. 7004(b)(1), this Defendant may be served by mailing a copy of this Complaint and the Summons to the Defendant as follows: Chad J. Stafford at 218 N. Pershing St., Wichita, Kansas 67208.

9. The Defendant Tymber Lee and Jennifer Lee Revocable Trust has a principal place of business at 210 N. Valley Creek Rd., Valley Center, Kansas 671247. Pursuant to Fed. R. Bankr. P. 7004(b)(1) and (3), this Defendant may be served by mailing a copy of this Complaint and the Summons to the Defendant as follows: 210 N. Valley Creek Road, Valley Center, Kansas 67147.

10. The Defendant L.R.I. Company Services LLC is an Administrative Agent for defendant lenders identified above with its principal place of business at 2416 E. 37th St. N, Wichita, Kansas. Pursuant to Fed. R. Bankr. P. 7004(b)(3), this Defendant may be served by

3

mailing a copy of this Complaint and the Summons to the Defendant as follows: Darrell D. Swank, Resident Agent, 2416 E. 37th St. N., Wichita, Kansas 67219, and an officer, managing or general agent authorized by law to receive service of process.

11. In approximately November, 2017, Social Networking Technology, Inc. had a need to raise proceeds and funds to be used for general working capital and to pay off Fast Pay, an accounts receivable lender and/or factoring company, and to pay other financial obligations.

12. In November, 2017, each of the Defendants also termed "Investors" or "Creditors", entered into a Senior Secured Convertible Note, Term Sheet with SNT (hereinafter "Term Sheets"). Copies of the Term Sheets are attached hereto and marked "**Exhibit A**".

13. Under the Term Sheets, each creditor was to loan a sum of money unto SNT and in November, 2017 Defendants did in fact advance the agreed amount set forth above, below. In exchange Defendants were to receive a Promissory Note that was convertible into stock of SNT and a security interest in Debtor's assets ("The Transfer"). The amounts advanced by each Defendant total $500,000.00 and are individually listed as follows:

| | |
|---|---|
| Five Point Ventures, LLC | $50,000 |
| GLO SNT, LLC | $100,000 |
| JK Garvey Investment Co., LP | $100,000 |
| Tymber Lee & Jennifer Lee Revocable Trust | $100,000 |
| Leslie G. Rudd Living Trust U/A/D March 31, 1999 | $100,000 |
| Chad J. Stafford | $50,000 |
| L.R.I. Company Services, LLC | $0.00 (Administrative Agent) |

14. Under the Term Sheets attached as Exhibit A, the indebtedness of each Defendant would bear interest at the rate of 15% per annum, a preferential rate, and was to be secured by all assets of SNT (The Transfer). Specifically, the Term Sheet on page 2 describes collateral to be: "A UCC security interest in all assets of the Company; a first lien as to assets not pledged to Fast

Pay (the accounts receivable factor) and a subordinate second lien only to the prior lien of Fast Pay's obligation of approximately $4MM. As part of a larger additional senior debt raise, these senior debt obligations will be pari passu with respect to the collateral with other senior debt holders and, upon request of the Company, will assign to a trustee or agent the collateral on behalf of the entire senior debt not holders."

15. Upon information and belief, Harvey Sorenson, counsel for SNT, was instructed and did draft a Pledge and Security Agreement for SNT and Defendants to execute, however, the Trustee understands that no Pledge and Security Agreement was ever finalized or executed by SNT or the Defendants. A copy of an unexecuted Pledge and Security Agreement is attached to Defendants' Proof of Claims. (See as example Claim 68-1, Part 2) Alternatively, Exhibit C to the Statement of Affairs, Question 3 of Debtor's Petition states: "Schedule D lists L.R.I., as Administrative Agent for group of lenders; group loaned $500,000 to Debtor under Term Sheet providing that loans were secured by all of Debtor's assets. Financing statements were contemporaneously filed, but promissory notes and security agreements were not executed until on or about January 31, 2018. If the Term Sheet did not effect a grant of a security interest, the January execution of security agreements could be deemed transfers within 90 days of case filing."

16. In November of 2017, counsel for SNT (Harvey Sorenson) prepared and filed UCC-1 Financing Statements in the states of Delaware and Nevada (**Exhibit B** attached hereto and made a part hereof), wherein the UCC-1 described that an alleged security interest (The Transfer) was granted by SNT unto the Defendants in and to the following collateral:

Delaware – UCC-1 filed 11/22/17: "All assets, including accounts, chattel paper, documents and instruments, general intangibles, goods, equipment and inventory,

5

but excluding trademarks, trade names, software, patents and intellectual property".

Nevada – UCC-1 filed 11/22/17: "All assets, including accounts, chattel paper, documents and instruments, general intangibles, goods, equipment and inventory, but excluding trademarks, trade names, software, patents and intellectual property".

There was no Promissory Note and/or Pledge and Security Agreement executed contemporaneously with the transfer of funds to SNT and the filing of UCC-1 Statements filed in Delaware and Nevada. The above property and assets described are property of the estate.

17. The Term Sheets also provides on Page 1: "Except with respect to the provisions entitled "Confidentiality", which is intended to be, and is, a legally binding agreement between the parties hereto, this Senior Secured Convertible Note Term Sheet (the "Term Sheet") represents the current thinking of the Board of Directors with respect to certain of the major issues relating to the proposed private offering and does not constitute a legally binding agreement. This Term Sheet does not constitute an offer to sell or a solicitation of an offer to buy securities in any state where the offer or sale is not permitted."

18. Each Defendant filed a Proof of Claim herein evidencing and alleging its balance due under the Term Sheet:

| Defendant | POC Amount | POC # |
|---|---|---|
| Five Point Ventures LLC | $51,898.54 | 68-1 |
| GLO SNT, LLC | $208,794.50 | 88-1 |
| J.K. Garvey Investment Co., LP | $103,797.07 | 106 |
| Tymber Lee & Jennifer Lee Revocable Trust | $103,797.07 | 72-1 |
| Leslie G. Rudd Living Trust U/A/D March 31, 1999 | $106,583.00 | 81-1 |
| Chad J. Stafford | $51,898.54 | 77-1 |

The Defendant's Proofs of Claim all allege a lien on "all assets of the Debtor".

19. The Trustee alleges that the Defendants do not hold a security interest in the Debtor's personal property assets that attached. The Trustee alleges that the Defendants do not hold a security interest in Debtor's personal property assets that was perfected contemporaneously with Defendants loan advances. If the loan became perfected, it was antecedently done and done within 90 days of the Petition Date. Additionally the description of alleged collateral in the Term Sheet differs from the description of Collateral in the UCC-1s.

20. The Debtor filed its voluntary petition for relief under chapter 7 of the Bankruptcy Code on February 12, 2018 (the "Petition Date"), commencing the above-captioned chapter 7 case.

21. Darcy D. Williamson was appointed as Chapter 7 Trustee on February 13, 2018.

22. The Debtor was insolvent at the time of any Transfer(s), on the Petition Date, and within 90 days prior to filing. Specifically, the debtor's Petition and Schedules reflect assets of $1,581,649.98 and liabilities of $43,227,762.15.

7

23. The Trustee repeats and realleges the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. The Transfer constitutes a transfer of an interest of the Debtor in property under § 547(b) of the Bankruptcy Code.

25. The Transfer was made by the Debtor to the Defendants.

26. At the time of the Transfer, the Defendants were creditors of the Debtor within the meaning of § 101(10) of the Bankruptcy Code.

27. The Transfer was on account of an antecedent debt owed by the Debtor to the Defendants before the Transfer was made.

28. The Transfer was made within 90 days prior to the Petition Date.

29. The Debtor was insolvent at the time of the Transfer and, furthermore, is presumed to have been insolvent at the time of the Transfer. *See* § 547(f) of the Bankruptcy Code.

30. The Transfer enabled the Defendants to receive more than they would have received if (a) the Transfer had not been made; and (b) the Defendants had received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

31. Based on the foregoing, the Transfer to the Defendants is an avoidable preferential transfer within the meaning of § 547(b) of the Bankruptcy Code.

32. The Trustee is entitled to recover the Transfer(s) or the value thereof from Defendants pursuant to Section 550. And pursuant to § 551 of the Bankruptcy Code, the Defendants' security interest in the Debtor's personal property assets may be preserved for the benefit of the Debtor's bankruptcy estate.

**COUNT II**
**(Avoidance of Lien Pursuant to § 544)**

33.　The Trustee repeats and realleges the allegations of paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34.　The Trustee has the status of a hypothetical lien creditor as of the Petition Date. *See* § 544(a)(1); *Morris v. Ark Valley Credit Union (In re Gracy)*, 689 Fed. Appx. 590, 592, n.1 (10th Cir. BAP 2017) (quoting *Morris v. Hicks (In re Hicks)*, 491 F.3d 1136, 1140 (10th Cir. 2007)) ("The so-called 'strong arm' powers of 11 U.S.C. § 544(a)(1) grant the trustee the status of a hypothetical lien creditor once the bankruptcy petition has been filed.").

35.　The Transfer constitutes a transfer of property of the debtor avoidable by the Trustee pursuant to § 544(a)(1).

36.　The Transfer is avoidable under K.S.A § 84-9-203(b)(3)(A) because a valid security agreement describing the collateral was not executed by the Debtor. *See Davis v. Brown (In re Brown)*, 479 B.R. 112, 117-8 (Bankr. D. Kan. 2012) (describing the requirements of a valid security agreement).

37.　For these reasons, the Trustee may avoid, for the benefit of the estate and its creditors, the Transfer under § 544(a)(1).

38.　The Trustee is entitled to recover the Transfer or the value thereof from Defendants pursuant to Section 550. And pursuant to § 551 of the Bankruptcy Code, the Defendants' security interest in the Debtor's personal property assets may be preserved for the benefit of the Debtor's bankruptcy estate.

**COUNT III**
**(In the Alternative, Avoidance of Fraudulent Transfer Pursuant to § 548(a)(1)(B))**

39.　The Trustee repeats and realleges the allegations of paragraphs 1 through 38 of the Complaint as though fully set forth herein.

9

40. The Transfer constituted a transfer of an interest of the Debtor in property.

41. The Transfer was made within two years before the Petition Date.

42. The Debtor did not receive reasonably equivalent value in exchange for the Transfer.

43. On the date the Transfer was made, the Debtor was insolvent.

44. For these reasons, the Trustee may avoid, for the benefit of the estate and its creditors, the Transfer as fraudulent under § 548(a)(1)(B).

45. The Trustee is entitled to recover the Transfer or the value thereof from Defendants pursuant to Section 550. And pursuant to § 551 of the Bankruptcy Code, the Defendants' security interest in the Debtor's personal property assets may be preserved for the benefit of the Debtor's bankruptcy estate.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment against the Defendants as follows:

    a. Avoiding the Transfer pursuant to § 544 and § 547 or § 548 of the Bankruptcy Code;

    b. Preserving the avoided lien and security interest for the benefit of the Debtor's bankruptcy estate;

    c. For costs of this action including court costs; and

    d. Granting such other and further relief as is just and proper.

10

**DARCY D. WILLIAMSON, not individually but solely as CHAPTER 7 TRUSTEE FOR SOCIAL NETWORKING TECHNOLOGY, INC.**


By:  __/s/ Darcy D. Williamson_____
Darcy D. Williamson KS # 11337
510 SW 10th Avenue
Topeka, KS 66612
Telephone:  (785) 233-9908
Facsimile:  (785) 233-2613
darcy@williamson-law.net

COUNSEL FOR THE TRUSTEE

11