# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement (the "Agreement"), dated as of March 7, 2019, is made and entered into by and between Fast Pay Partners, LLC, a Delaware limited liability company ("FPP"), and Darcy D. Williamson the Trustee (the "Trustee") for the Bankruptcy Estate of Social Networking Technology, Inc., a Nevada corporation ("Debtor or SNT"). FPP, the Trustee, and Debtor (collectively the "Parties") recite the following:

WHEREAS, on or about March 24, 2016, FPP and Debtor entered into a "Financing and Security Agreement" as amended from time to time whereby FPP would purchase accounts of Debtor for which FPP would make advances of the purchase price;

WHEREAS, as part of the Financing and Security Agreement and to secure the Obligations (as defined therein) due to FPP by Debtor, Debtor granted a security interest in its "now owned and hereafter acquired Accounts, Chattel Paper, Deposit Accounts, Inventory, Equipment, Instruments, Investment Property, Documents, Letter of Credit Rights, Commercial Tort Claims, General Intangibles, and all proceeds of each of the foregoing" (the "Collateral");

WHEREAS, on April 4, 2016, FPP filed a UCC-1 financing statement with the Nevada Secretary of State, document number 2016009854-3, with respect to the Financing and Security Agreement;

WHEREAS, on February 12, 2018, Debtor filed a Chapter 7 Voluntary Petition for Relief under the Bankruptcy Code in U.S. Bankruptcy Court for the District of Kansas in the case styled *In re: Social Networking Technology, Inc.*, Case No. 18-10177 (the "Bankruptcy Case");

WHEREAS, On February 8, 2019, the Court in the Bankruptcy Case entered that certain Joint Stipulation and Agreed Order By and Between Chapter 7 Trustee and Fast Pay [Docket No. 158] pursuant to which certain funds held by FPP were conditionally applied (the "Applied Funds") leaving an estimated net balance due FPP of $558,365.07, exclusive of interest, costs, fees and other charges as more fully set forth in the FPP Proof of Claim;

WHEREAS, FPP asserts it holds a duly perfected lien on substantially all of Debtor's assets;

WHEREAS, a purchaser, Wichita Finco, LLC ("Wichita Finco") desires to purchase the intellectual property, computer equipment and related assets of Debtor more fully described in the sale motion to be filed on or about March 1, 2019 (collectively the "IP Assets");

WHEREAS, various disputes among the Parties, have arisen, and the Parties now desire to resolve all issues and disputes between them pursuant to the terms set forth in this Agreement.

**NOW, THEREFORE**, for and in consideration of the Recitals, which are incorporated into the Agreement by this reference, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree to the following:

1.     Binding Effect of Recitals. The above Recitals are incorporated into this Agreement by reference.

2.     Sale of Debtor's IP Assets. The Trustee shall conduct a private sale to Finco of the Debtor's IP Assets for $200,000 in cash consideration. The Trustee shall withdraw the Motion for Order

Approving Bidding Procedures and Protection for Sale of Substantially All Assets Free and Clear of All Liens, Interests, Claims and Encumbrances and to Approve Breakup Fee at docket number 152 in the Bankruptcy Case and amend the Motion for Intended Comprise at docket number 151 to comply with the terms of this Agreement.

3.      Distribution of Estate Funds and Sale Proceeds. Upon the closing of the sale of the IP Assets, the Trustee shall pay $210,000 to FPP in good and available funds, which represents the entirety of the $200,000 sales proceeds of the IP Assets and $10,000 of the cash on hand held by the Trustee (the "Funds Due FPP"). The Trustee will retain the remaining balance of the cash on hand. To the extent the IP Assets generate sales proceeds in excess of $200,000, the Trustee and FPP will negotiate in good faith on an appropriate allocation of the funds in excess of $200,000 to the Trustee and FPP. FPP will receive the Funds Due FPP free and clear of any and all liens, claims, interests, and/or encumbrances of any kind by any other entity, including, without limitation, the Trustee, SNT and Wichita Finco.

4.      Applied Funds.  FPP will retain the Applied Funds free and clear of any and all liens, claims, interests, and/or encumbrances of any kind by any other entity, including, without limitation, the Trustee, SNT and Wichita Finco.

5.      Estate Causes of Action.  For the purposes of this section "Estate Cause of Action" means any Avoidance Actions and claims for professional malpractice and breach of duty.  Additionally, "Avoidance Action" means all of the Debtor's and its bankruptcy estate's rights and claims under sections 541 through 553 of the Bankruptcy Code, inclusive, or under any similar or related state or federal statute or common law, whether or not an action is presently pending or asserted in the future.  For a recovery under an Estate Cause of Action, up to and including a cumulative recovery of $120,000.00, the Trustee shall pay 50% of the recovery to FPP and retain the remaining 50%; provided that "recovery" means a recovery net of the Trustee's fees, attorneys' fees, costs and expenses prosecuting or settling such individual Estate Cause of Action.  Once a cumulative recovery (as defined above) of $120,000 is reached, the Trustee shall retain the entire balance of any recovery (as defined above) from an Estate Cause of Action.

6.      Payment Instructions.  All payments due to FPP under this Agreement, the Trustee will make payment via check made payable to the order of Fast Pay Partners LLC, and mailed to:  P.O. Box 203823, Dallas, TX  75320-3823.

7.      Release of Security Interests Claims. FPP releases any and all claims, including its secured and unsecured claims in the Bankruptcy Case against Debtor, and security interests in, possession of, or title to the Collateral.   FPP will file a UCC Amendment relating to the UCC-1 financing statement bearing the filing number 2016009854-3 with the Nevada Secretary of State that releases all assets.

8.      Release of FPP.  In consideration of the mutual promises contained herein, and subject to FPP fully performing its obligations hereunder, the Trustee and SNT does hereby, for itself, its past, present, and future directors, officers (whether acting in such capacity or individually), shareholders, owners, servants, partners, joint venturers, principals, trustees, creditors, attorneys, insurers representatives, employees, managers, parents, subsidiaries, divisions, subdivisions, departments, affiliates, predecessors, successors, assigns and assignees, transferors, transferees, investors, nominees and any agent acting or purporting to act for it or on its behalf, release, waive, remit, acquit, satisfy and forever discharge FPP, its past, present, and future directors, officers (whether acting in such capacity or individually), shareholders, owners, servants, partners, joint venturers, principals, trustees, creditors,

2

attorneys, insurers representatives, employees, managers, parents, subsidiaries, divisions, subdivisions, departments, affiliates, predecessors, successors, assigns and assignees, transferors, transferees, investors, nominees and any agent acting or purporting to act for it or on its behalf from any and all claims, demands, damages, debts, liabilities, obligations, contracts, agreements, causes of action, suits and costs, of whatever nature, character or description, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, which the Trustee and SNT may have or may hereafter have or claim to have against FPP. Notwithstanding the generality of the release provided herein, the Trustee and SNT do not release FPP from its obligations under this Agreement.

9. <u>Release of Trustee and SNT</u>. In consideration of the mutual promises contained herein, and subject to the Trustee and SNT fully performing their obligations hereunder, FPP does hereby, for itself, its past, present, and future directors, officers (whether acting in such capacity or individually), shareholders, owners, servants, partners, joint venturers, principals, trustees, creditors, attorneys, insurers representatives, employees, managers, parents, subsidiaries, divisions, subdivisions, departments, affiliates, predecessors, successors, assigns and assignees, transferors, transferees, investors, nominees and any agent acting or purporting to act for it or on its behalf, release, waive, remit, acquit, satisfy and forever discharge the Trustee and SNT, its past, present, and future directors, officers (whether acting in such capacity or individually), shareholders, owners, servants, partners, joint venturers, principals, trustees, creditors, attorneys, insurers representatives, employees, managers, parents, subsidiaries, divisions, subdivisions, departments, affiliates, predecessors, successors, assigns and assignees, transferors, transferees, investors, nominees and any agent acting or purporting to act for it or on its behalf from any and all claims, demands, damages, debts, liabilities, obligations, contracts, agreements, causes of action, suits and costs, of whatever nature, character or description, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, which FPP may have or may hereafter have, hereafter acquire, or hereafter claim to have against the Trustee and SNT. Notwithstanding the generality of the release provided herein, FPP does not release the Trustee and SNT from its obligations under this Agreement.

10. <u>**WAIVER OF CAL. CIV. CODE SEC. 1542.**</u> To the extent applicable to this Agreement, the Parties recognize, acknowledge, and waive the provisions of California Civil Code section 1542, which provides:

> A general release does not extend to claims [1] that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, [2] if known by him or her [3], would have materially affected his or her settlement with the debtor or released party.

In waiving the provisions of Section 1542 of the California Civil Code, the Parties acknowledge that they may hereafter discover facts in addition to or different than those which they now believe to be true with respect to the matters released herein, but agree that they have taken that possibility into account in reaching this settlement, and the releases given herein shall remain in effect as a full and complete release notwithstanding the discovery or existence of such additional or different facts, as to which they expressly assume the risk.

3

It is further understood and agreed by the Parties, and each of them, that the matters released herein are not limited to matters which are known or disclosed, and each of the Parties hereby expressly waive any and all rights and benefits which they now have, or in the future may have, conferred upon in any way relating to the matters released herein.

In this connection, each of the Parties hereby agree, represent and warrant that they realize and acknowledge that factual matters now unknown to them may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses and expenses, which are presently unknown, unanticipated and unsuspected, and they further agree, represent and warrant that this Agreement has been negotiated and agreed upon in light of that realization and that they nevertheless hereby intend to release, discharge and acquit the parties set forth hereinabove from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses and expenses, which are in any way set forth in or related to the released herein and/or this Agreement. The Parties, and each of them, further acknowledge that they have been advised by legal counsel with respect to the consequences of this waiver, and further agree that such waiver is an essential and material part of this Agreement, without which the consideration given pursuant hereto would not have been given.

11. Integration. This Agreement is the complete and final representation of the understandings of the Parties hereto as related to the subject matter of this Agreement and supersedes all prior letters of intent, understandings, negotiations and discussions of the Parties to the subject matter hereof, whether oral or written.

12. Multiple Counterparts. This Agreement may be signed in counterparts, and when taken together, shall constitute a binding and enforceable agreement in accordance with its terms and conditions.

13. Severability. If any part or any provision of this Agreement shall be finally determined to be invalid or unenforceable under applicable law by a court of competent jurisdiction, that part or provision shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said provision or the remaining provisions of this Agreement.

14. Court Approval of Agreement. This Agreement and the promises, releases and waivers set forth herein are conditioned and shall only be effective upon entry of a final Order by the Bankruptcy Court pursuant to Fed. R. Bankr. P. 9019 approving same after expiration of the appeal period therefor. Following execution of this Agreement, the Trustee will promptly file an application seeking the Bankruptcy Court's approval of this Agreement.

15. Binding Effect. All provisions of this Agreement are binding upon, inure to the benefit of, and are enforceable by or against, the Parties and their respective heirs, executors, administrators or other legal representatives and permitted successors and assigns.

16. No Admissions. Nothing herein shall be deemed or construed in any way to be an admission of fault or liability by or on behalf of either Party.

17. Choice of Law. THIS AGREEMENT SHALL BE CONSTRUED AND INTERPRETED IN ALL RESPECTS SOLELY IN ACCORDANCE WITH, AND GOVERNED BY THE INTERNAL LAWS (AS OPPOSED TO CONFLICT OF LAWS PROVISIONS) OF, THE STATE OF KANSAS.

18. Jointly Drafted. All of the Parties acknowledge that they have been represented by independent legal counsel in agreeing to the terms and conditions of this Agreement, that they have relied

4

DocID: 4831-9242-7657.3

upon the advice of counsel in reviewing and executing this Agreement, and that the individuals or representatives executing this Agreement have full capacity and authority to bind the party or individual for whom they have executed this Agreement. This Agreement contains all of the terms relative to its subject matter and may not be amended except by way of a writing executed by an authorized representative of FPP and the Trustee.

19.     Authority to Execute Agreement.  The Parties warrant that they are fully empowered and authorized to execute this Agreement and that the person signing on behalf of each Party is fully authorized to do so.  The Parties warrant and represent that there are no additional entities or persons affiliated with any of the Parties hereto who are necessary to effectuate this Agreement.

20.     Costs.  The Parties agree that each Party must pay its own attorneys' fees and costs related to this matter, and the Parties hereby release each other from any claim with respect thereto.

**THE UNDERSIGNED HAVE READ THE FOREGOING AND FULLY UNDERSTAND THE TERMS CONTAINED HEREIN**

IN WITNESS WHEREOF, the Parties have executed this Agreement this __st day of March, 2019.

**Fast Pay Partners, LLC, a Delaware limited liability company**

By: _____
Print Name:
Title:
Address:        8201 Beverly Blvd, Suite 600
                Los Angeles, CA 90048

**Darcy D. Williamson, the Trustee for the Bankruptcy Estate of Social Networking Technology, Inc.,**

By: _____
Print Name: _____
Title: _____
Address: _____
        _____

5

IN WITNESS WHEREOF, the Parties have executed this Agreement this __st day of March, 2019.

**Fast Pay Partners LLC, a Delaware limited liability company**

By: _____

Print Name:     Harold Lee
Title:              Authorized Signatory
Address:         8201 Beverly Blvd, Suite 600
                      Los Angeles, CA 90048

**Darcy D. Williamson, the Trustee for the Bankruptcy Estate of Social Networking Technology, Inc.,**

By: _Darcy D. Williamson, Trustee_
Print Name: _Darcy D. Williamson_
Title: _Trustee_
Address: _510 SW 10TH Ave_
_Topeka KS 66612_